55 CCPA

**Application of John Covell COLLIER.**
**Patent Appeal No. 7973.**

United States Court of Customs
and Patent Appeals.
June 27, 1968.

---

William Hintze and Adrian J. LaRue, Harrisburg, Pa. (Truman S. Stafford,

---

9. Designated "Officers and employees."

**1004**

New York City, Roger L. Hansel, Washington, D.C., of counsel), for appellant.

Joseph Schimmel, Washington, D.C. (Jere W. Sears, Washington, D.C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK *, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claim 17 of application serial No. 242,973, filed December 7, 1962, entitled "Electrical Connections."

The rejection of claim 17 is based on two grounds: (1) that it does not comply with 35 U.S.C. § 112 because incomplete and indefinite; (2) that the subject matter defined by the claim is obvious under 35 U.S.C. § 103 in view of a patent to Dumire et al., No. 3,109,052, Oct. 29, 1963. Other references were cited and relied on by the examiner but the board held them merely cumulative.

The invention relates to making a ground wire connection with the shield conductor of a coaxial cable and is illustrated by Fig. 4 of the application drawings:

FIG. 4.

The coaxial cable has an axial conductor 10 covered by insulation 12 over which is the usual coaxial wire braid or second conductor 11 over which is the external insulating sheath 13. It is desired to make a ground connection with the braid 11, through applied wire 14, without damaging the insulation 12. To this end, insulation 13 is stripped back and a perforated metal ferrule 15 is crimped around the braid into generally cylindrical form, the ferrule being rolled up from flat stock. The perforations in the ferrule are struck inwardly so as to produce sharp projections which extend toward the axis and dig into the wire braid but not so far as to damage insulation 12. The perforations are preferably in staggered rows so that when the ferrule is crimped over the ground wire they will distort it into the sinuous path shown in dotted lines, locking it more securely against withdrawal.

The single claim on appeal, which we have broken up into its elements for clarity and to which we have added some emphasis, reads:

17. *For use* in a ground connection,

[1] a connector member *for* engaging shield means of a coaxial cable means,

said connector member comprising a substantially rectangular piece of metal formed into trough form to define a ferrule-forming member, said ferrule-forming member having

a series of perforations disposed therein toward the axis of the ferrule-forming member and defining inwardly directed frustoconical projections having jagged edges defining lances converging toward their tips,

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

said ferrule-forming member being *crimpable* onto said shield means with said lances keying into said shield means without penetrating insulation means disposed thereunder,

and ground wire means *for* disposition between said ferrule-forming member and said shield means *upon* the ferrule-forming member being crimped onto the shield means,

said ground wire means *being displaced* in a series of bights around respective perforations to effect serpentine form *when* said ferrule-forming member is crimped onto said shield means.

We consider first the rejection based on section 112. The examiner's rejection on this score, which the board appropriately declined to follow, was on the ground that claim 17 was merely a "catalogue of elements." The examiner's view was that it recites "a connector member, a shield means and a ground wire." We do not regard that as a proper reading of the claim. There is no positive inclusion of "shield means" in what is apparently intended to be a claim to structure consisting of a combination of elements. As we read it, the claim includes only two elements and appellant admitted as much at oral argument. They are [1] the connector member, also redundantly recited as a ferrule-forming member, and [2] the ground wire.

The board, referring to the examiner's "catalogue" rejection, said:

Since in connection therewith the Examiner states that "There is no positive recitation of any structural cooperation among the elements listed", we construe this rejection as in fact based on the ground that the claim is incomplete, and therefore indefinite and in this way does not conform to the requirements of 35 U.S.C. 112.

Appellant appears to argue that we should regard the statements in the claim, indicated by the initial italicized words, about intended uses, capabilities, and structure which will result upon the performance of future acts, as positive structural limitations; he seems to believe that his invention (on which a claim in proper structural form has been allowed) is particularly pointed out and distinctly claimed within the meaning of section 112 because of the presence of these statements. He is apparently aware of the necessity for limiting his claim as he thinks he has done. We agree with the board, however, that the claim does not positively recite structural relationships of the two elements, identified as [1] and [2] above, in its recitation of what may or may not occur. In this sense it fails to comply with section 112, second paragraph, in failing distinctly to claim what appellant in his brief insists is his actual invention.

Of course, if appellant regards his invention as nothing more than the bare combination of a crimpable perforated ferrule and a ground wire, regardless of particular relationships, it cannot be gainsaid that the claim defines such a combination. But since appellant does not so contend, it must be held that what he says is his invention is not pointed out as the statute requires. This leads us to the second rejection based on obviousness in view of the prior art which cannot be separated from the question of what limitations are and are not included in the claim.

The Dumire et al. patent on which the board rested its holding of obviousness under section 103 discloses a crimpable, perforated, split, metallic sleeve which engages the wire braid conductor of a coaxial cable without penetrating or damaging the underlying insulation. It is used as part of a screwed-together end fitting and is brought into clamping relationship with the wire braid through the action of tapered fitting parts, the braid being grounded through the fit-

ting. Hence no ground *wire* is shown. The board said:

> We take judicial notice of the existence of electrical conductors, and of their conventional connection for grounding purposes. Moreover, not only is shielded coaxial cable likewise conventional, but such a cable is disclosed in Dumire et al. at 10, the shield being denoted at 11. Claim 17, as noted above, does not require the elements included therein to be structurally connected or related; it would be satisfied merely by the presence or existence of such elements, and this not even necessarily in proximity. Thus, we consider the claim to present nothing patentable over the connector member 15 of Dumire et al. plus the other apparatus mentioned above [the ground wire] as conventional.

We agree with that reading of claim 17 and consequently with the holding that its subject matter is obvious in view of prior art.

Appellant argues for patentability on the basis of our decision in In re Gustafson, 331 F.2d 905, 51 CCPA 1358 (1964), wherein we held that a rejection for "aggregation" is non-statutory. We see no applicability of the case here. Appellant's argument is predicated on the assumption that the examiner's rejection of the claim as a mere catalogue of elements was an aggregation rejection. Whatever it was, it no longer existed after the board opinion interpreting it, as explained above, and basing the rejection squarely on section 112. Quite clearly, and perhaps because of *Gustafson*, the board disagreed with the examiner's statement of the rejection.

We have also considered In re Attwood, 354 F.2d 365, 53 CCPA 784, (1966), cited by appellant for the proposition that we should regard the intended use statements in the claim as positive limitations. While there is some logic to the position, *Attwood* did not involve limitations such as some of the more crucial ones here involved, with respect to the ground wire [1], for example, which state what will happen to it *when* the ferrule is crimped, if it is ever crimped. The claim language in the claims on appeal in *Attwood* placed the invention in an entirely different category from that of the reference relied on whereas here both the appealed claim and the reference relate specifically to the making of electrical contact with the very same braid element of coaxial cable. We see no need to apply *Attwood* here nor to modify what we said in *Attwood* under the circumstances of that case.

The main fault we observe in claim 17 is indefiniteness in the sense that things which may be done are not required to be done. For example, the ferrule or connector member is crimpable but not required, structurally, to be crimped; the ground wire "means," which we take to be a piece of wire, is *for* disposition under the ferrule but is not required to be disposed anywhere; it becomes displaced *when* the ferrule is crimped but that may never be, so far as the language of claim 17 is concerned. These cannot be regarded as structual limitations and therefore not as positive limitations in a claim directed to structure. They cannot therefore be relied on to distinguish from the prior art.

The decision of the board is affirmed.

Affirmed.